IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ELIZABETH HUSTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEARST COMMUNICATIONS, INC.,<br><br>Defendant. | No. 1:21-cv-01196 (MMM)(JEH) |

# DEFENDANT HEARST COMMUNICATIONS, INC.'S
## MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Jonathan R. Donnellan
Andrea R. Butler
Kristen L. Hauser
THE HEARST CORPORATION
   Office of General Counsel
300 West 57th Street, 40th Floor
New York, New York 10019
Tel: (212) 649-2484
Fax: (212) 554-7000
Email: abutler@hearst.com
Email: khauser@hearst.com

Harold C. Hirshman
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, IL 60606-6361
Tel.: (312) 876-8025
Email: Harold.hirshman@dentons.com

*Attorneys for Defendant Hearst Communications, Inc.*

Defendant Hearst Communications, Inc. ("Hearst" or "Defendant"), through its undersigned counsel, hereby moves to dismiss the Complaint, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

**INTRODUCTION**

This case seeks to hold Hearst liable under a novel (and incorrect) reading of the Illinois Right of Publicity Act (the "IRPA" or "Act") for including Plaintiff's name as part of a mailing list of subscribers, despite a complete absence of any allegation of a "commercial use" of Plaintiff's identity within the meaning of the Act. As one court recently held, "the Illinois legislature meant to limit the term 'commercial purposes' to situations where a person's identity is used to promote a 'separate product,' or 'some other product,' apart from the person's identity itself." *Lukis v. Whitepages Inc.*, No. 19 C 4871, 2020 WL 6287369, at *4 (N.D. Ill. Oct. 27, 2020) (quoting *Dobrowolski v. Intelius, Inc.*, No. 17 CV 1406, 2018 WL 11185289, at *3 (N.D. Ill. May 21, 2018) and *Thompson v. Getty Images (US), Inc.*, No. 13 C 1063, 2013 WL 3321612, at *2 (N.D. Ill. July 1, 2013)). There is no such allegation in Plaintiff's Complaint.

Notably, the Complaint does not include any allegation—let alone a demonstrative exhibit—showing that Plaintiff's identity was ever displayed publicly at all (let alone in connection with the offering for sale of any product or service to a third party, or to advertise any product or service, as required under the IRPA). In other words, there is no well-pleaded allegation that Plaintiff's identity was actually used or held out publicly for a commercial purpose—a prerequisite to state a claim under the IRPA. Instead, all Plaintiff alleges is that Hearst makes mailing lists of its subscribers available to others so that others may send those subscribers an advertisement for another product. Plaintiff does not allege that her identity was used to sell such mailing lists or any other product to any other person. At best, Plaintiff alleges

that her name *was* the product, and that the mailing lists about which she complains were used to try to sell a third party's product *to her*. Such allegations do not state a claim under the IRPA.

To sustain Plaintiff's interpretation of the IRPA, this Court would have to read out the essence of an IRPA claim—the public, commercial use of a plaintiff's identity—and adopt an expanded interpretation of the statute squarely precluded by applicable case law. For this reason, and as set forth in more detail below, Plaintiff's Complaint should be dismissed, with prejudice, for failure to state a claim.[1]

## FACTUAL BACKGROUND & ALLEGATIONS

Plaintiff alleges that her name and address appeared within mailing lists of subscribers to *Good Housekeeping* magazine.[2] Renting mailing lists of names of subscribers or others has been a standard and well-known practice in the direct mail industry for decades. *See, e.g.*, *U.S. News & World Rep., Inc. v. Avrahami*, No. 95-1318, 1996 WL 1065557, at *7 (Va. Cir. Ct. June 13, 1996). Indeed, many of the allegations in Plaintiff's Complaint are copied virtually verbatim from lawsuits filed as early as 2012 that involved the practice of renting subscriber lists to direct marketers.[3] *Compare, e.g.*, *Halaburda v. Bauer Publ'g Co., LP*, No. 12-CV-12831, 2013 WL

---

[1] Because Plaintiff's allegations affirmatively demonstrate that the IRPA does not apply to these facts, amendment would be futile. *See infra* Part III; *U.S. News & World Rep., Inc. v. Avrahami*, No. 95-1318, 1996 WL 1065557, at *7 (Va. Cir. Ct. June 13, 1996) ("The inclusion of a name as part of a larger mailing list for purposes of a direct mail solicitation does not constitute use of that name in the promotion of an actual product or service itself.").

[2] Plaintiff alleges, incorrectly, that Hearst Communications, Inc. publishes *Good Housekeeping* magazine. Compl. ¶¶ 1, 9. Hearst accepts the allegations of the Complaint as true for purposes of this motion only, as required by the Federal Rules of Civil Procedure.

[3] In light of the numerous cases involving magazine list rental practices over the years, as well as Plaintiff's own allegation of the supposedly "public" nature of mailing list "sales" or "offers" (Compl. ¶¶ 54, 56-57), her allegations that she and other subscribers were not on notice of the practice (Compl. ¶ 36), are implausible. Should this case continue, issues of notice and consent, as well as arbitration and waiver based on Terms of Use agreed to by many subscribers, will likely preclude class certification or require arbitration of putative claims. *See, e.g.*, *Fischer v.*

4012827, at *1 (E.D. Mich. Aug. 6, 2013); Complaint, *Boelter v. Hearst Commc'ns, Inc.*, No. 15-cv-03934 (S.D.N.Y. May 12, 2015), ECF No. 1 and Complaint, *Edwards v. Hearst Commc'ns, Inc.*, No. 15-cv-09279 (S.D.N.Y. Nov. 24, 2015), ECF No. 1 *with* ECF No. 1 (Compl.) ¶¶ 18-33. Here, Plaintiff alleges that Hearst "offered for sale . . . mailing lists containing Plaintiff's Personal Reading Information" and sold those lists to "persons interested in buying it to contact Hearst subscribers." Compl. ¶ 50. Plaintiff further alleges that her name was part of the mailing lists. Compl. ¶ 51. But what Plaintiff does not—and cannot—allege is fatal to her claims: Plaintiff does not allege that her name appeared anywhere other than as part of a list intended to be used to mail products *to her*. Plaintiff *does not allege* that *her* name or identifying information—as opposed to a generic "mailing list"—was held out to the public in any way, let alone was used to sell any product or service, or even was used to advertise or sell the *mailing lists* themselves. *See, e.g.*, Compl. ¶¶ 2, 3 and Exs. A & B (which do not include Plaintiff or any other individual's name anywhere). This omission from her Complaint requires dismissal.

Moreover, Plaintiff explicitly (and accurately) alleges that the Hearst mailing lists themselves **are** the "products". Compl. ¶ 53. By extension, Plaintiff's name and address, to the extent they are included with other names, are also part of the product. Plaintiff attempts to overcome this obvious infirmity by making the legal argument (rather than a factual allegation) that IRPA nonetheless applies because the mailing lists include Plaintiff's name "in connection

---

*Instant Checkmate LLC*, No. 19 C 4892, 2021 WL 3033586, at *6 (N.D. Ill. July 19, 2021) (granting motion to compel arbitration because "[plaintiff] entered her information on the registration form and clicked 'Continue,' she assented to the Terms"); *Lukis v. Whitepages Inc.*, No. 19 C 4871, 2021 WL 3022319, at *7 (N.D. Ill. July 16, 2021) (recognizing that IRPA claims may be bound by arbitration provision contained in online Terms of Use and that determining whether any internet user has agreed to online terms of service is "a fact-intensive inquiry.").

with its prior sales of a *Good Housekeeping* subscription to Plaintiff . . . ." Compl. ¶ 56. As set forth in Part III below, however, the law is clear that no claim under the IRPA is stated under such allegations.

## ARGUMENT

### I. Pleading Standard

"To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations that plausibly suggest a right to relief. The court must construe all factual allegations as true and draw all reasonable inferences in the plaintiff's favor, but the court need not accept legal conclusions or conclusory allegations." *Dobrowolski*, 2018 WL 11185289, at *1 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009)); *Thompson*, 2013 WL 3321612, at *1. "Plausibility means alleging factual content that allows a court to reasonably infer that the defendant is liable for the alleged misconduct." *Muhammad v. Home Box Off., Inc.*, No. 21-1168, 2021 WL 3354829, at *1 (C.D. Ill. Aug. 2, 2021); *see also Thompson*, 2013 WL 3321612, at *1 (citation omitted). A court "need not accept as true the complaint's legal conclusions; '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Muhammad*, 2021 WL 3354829, at *1 (citations omitted).

### II. Illinois Right of Publicity Act

Section 30 of the Illinois Right of Publicity Act provides, "A person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person or persons . . . ." 765 Ill. Comp. Stat. 1075/30(a) (West 2002).

"Commercial purpose" under the IRPA is narrowly and specifically defined to mean "the public use or holding out of an individual's identity (i) on or in connection with the offering for sale or sale of a product, merchandise, goods, or services; (ii) for purposes of advertising or promoting products, merchandise, goods, or services; or (iii) for the purpose of fundraising." 765 Ill. Comp. Stat. 1075/5; *see also Dobrowolski*, 2018 WL 11185289, at *3. Although the statute itself does not define "public," "under Illinois law, '[w]hen [a] statute contains undefined terms, it is entirely appropriate to employ a dictionary to ascertain the plain and ordinary meaning of those terms.'" *MetLife Invrs. USA Ins. Co. v. Pratt*, 442 F. App'x 589, 591 (2d Cir. 2011) (unpublished) (alterations in original) (citing *People v. Davison*, 906 N.E.2d 545, 551 (Ill. 2009)) (other citations omitted). To define "public" in the statute, at least one court has turned to Webster's Third New International Dictionary, which defines "public" to mean "accessible to or shared by all members of the community," or "exposed to general view." *Pratt*, 442 F. App'x at 591 (citations omitted).

### III. Plaintiff Fails to Allege a Cause of Action

Plaintiff's Complaint must be dismissed for the simplest of reasons: she does not allege any "public use or holding out" of her name. To the contrary, she explicitly alleges that she (and "other customers") "remain unaware that their identities . . . are on mailing lists" offered for sale by Hearst. Compl. ¶ 35. Plaintiff further alleges only that (a) Hearst makes lists of its subscribers available to other direct marketers so that those marketers may mail information or offers to those subscribers and (b) that one or more of those lists included Plaintiff's name. *Id.* ¶¶ 50-55. But Plaintiff does not identify a single specific mailing list purportedly containing her name—something that, to meet the statutory requirements, would be known to an individual whose identity had actually been held out to the public for a commercial purpose under the Act.

This is hardly the stuff of a right of *publicity* claim, which requires, as a threshold matter, "the public use or holding out of an individual's identity . . . ." 765 Ill. Comp. Stat. 1075/5; Compl. ¶ 4. Plaintiff's Complaint should be dismissed for this fundamental flaw alone.

Setting aside the utter lack of allegation of any "public use or holding out" of her name, Plaintiff also fails to allege that any purported public use of her name was for a purpose prohibited by the IRPA: that is, "on or in connection with the offering for sale or sale of a product, merchandise, goods, or services" or "for purposes of advertising or promoting products, merchandise, goods, or services." Compl. ¶ 4. Plaintiff alleges that her name was included as part of mailing lists, and that the mailing lists themselves are products, merchandise, or goods. *Id.* ¶ 53. Plaintiff does *not* allege that her name (let alone sufficient information to identify Plaintiff)[4] was used to sell or promote the mailing lists themselves or any other product.

Under these facts—where the allegations demonstrate that plaintiff's identity is "not used to promote a separate product", but instead as "part of the product offered for sale"—the "commercial purpose" requirement of the statute is not met. *Dobrowolski*, 2018 WL 11185289, at *3 ("The plaintiffs' identities are not used to promote a separate product—they are used because plaintiffs' identities are part of the product offered for sale. And this is not a commercial purpose as defined by the statute.") (citation omitted); *Thompson*, 2013 WL 3321612, at *2 ("The Court is unpersuaded that showing a buyer a photograph of a person that she is considering whether to buy qualifies as a 'commercial purpose' as the [IRPA] uses that term."); *Lukis v. Whitepages Inc.*, 454 F. Supp. 3d 746, 760-61 (N.D. Ill. 2020), *reconsideration*

---

[4] Under Illinois law, even the "commercial use" of Plaintiff's name without more would not be a violation of the IRPA. Instead, the IRPA requires that the information used must be sufficient to identify the individual asserting a claim. Hearst accepts as true for purposes of this motion only that Plaintiff can be "identified" within the meaning of the IRPA from the information included within a mailing list. *Dobrowolski*, 2017 WL 3720170 at *7.

*denied*, No. 19 C 4871, 2020 WL 6287369 (N.D. Ill. Oct. 27, 2020); *Avrahami*, 1996 WL 1065557, at *7 ("The inclusion of a name as part of a larger mailing list for purposes of a direct mail solicitation does not constitute use of that name in the promotion of an actual product or service itself.").[5] Here, there is neither an allegation that Plaintiff's identity was used to sell Hearst's mailing lists *nor any other product*.

Instead, Plaintiff's allegations fall squarely within the category of complaints that courts have found do not state an actionable IRPA claim. In *Thompson*, for example, the plaintiff asserted that defendant's photo licensing service made sample images of plaintiff's photograph available on its website to assist users in finding images to license for editorial purposes. In doing so, plaintiff argued, Getty violated the IRPA because the offering for sale of plaintiff's photographs "to the general public" was a "commercial purpose". The *Thompson* court found the allegations insufficient to state an actionable claim under the IRPA: "The statute's commercial purpose requirement does not prohibit the mere sale of someone's photograph. Rather, the IRPA prohibits the use of an individual's image to promote or entice the purchase of

---

[5] Notably, Plaintiff does not allege *when* her identifying information was purportedly part of a mailing list, only that it was "within the statute of limitations". The statute of limitations for a claim brought under the IRPA is one year. *See, e.g.*, *Schnitzer v. Woodford Invs., Inc.*, No. 20-CV-1183, 2021 WL 1030975, at *2-3 (C.D. Ill. Mar. 17, 2021) (dismissing case based on statute of limitations based on date of original publication where identifying information allegedly published over time but for a single purpose). If, as Plaintiff alleges, her identifying information was truly used or held out publicly (as required to state a claim under the IRPA), this information should be within her knowledge. In light of the fact that Plaintiff's counsel participated in lawsuits involving Hearst's magazine list rental practices almost *five* (5) years ago, *see* Order Granting Mot. to Appear *Pro Hac Vice*, *Edwards v. Hearst Commc'ns, Inc.*, No. 15-cv-09279 (S.D.N.Y. Oct. 14, 2016), ECF No. 65, Plaintiff's claim likely is time-barred. As a result, if this Court grants permission to amend the Complaint, which would be futile for other reasons, *see generally* Part III, Plaintiff must do more to allege the date of the purported "public use or holding out" of her personal information" and cannot rely on the conclusory statement that it was "within the statute of limitations."

some other product than the photograph itself." *Thompson*, 2013 WL 3321612, at *2 (collecting cases).

This case presents an even easier fact pattern. Not only does Plaintiff not allege that her name was used to sell any product to anyone else, she also does not even allege that her name was used, for example, in "free previews" for the mailing lists (or in any other way visible to an audience or prospective purchaser) or otherwise to advertise, sell, promote, or otherwise draw attention to in any way the mailing list that supposedly included her name.[6] To the contrary, Plaintiff provides this Court with "screenshots" of the purported "public" "offer" for Hearst's mailing list (Compl. ¶¶ 2 &3 and Exs. A & B). Plaintiff's name appears nowhere in those screenshots. Such factual allegations do not state a claim under the IRPA. *See Dobrowolski*, 2017 WL 3720170, at *8 (quoting 1 J. Thomas McCarthy & Roger E. Schechter, *Rights of Publicity and Privacy* § 5:19 (2d ed.) (a right of publicity claim requires allegations of some connection between the use of a name and "draw[ing] attention to a product or advertisement")). Indeed, the only court that we are aware of to have ever considered whether the inclusion of a name as part of a direct mail mailing list violated a state Right of Publicity Statute (Virginia's) soundly rejected a similar claim. *See Avrahami*, 1996 WL 1065557, at *7.

Plaintiff's Complaint also should be dismissed for an additional reason: Plaintiff's allegations that Hearst made mailing lists containing Plaintiff's names available to anyone "willing to pay" (Compl. ¶¶ 1, 33) describe, at best, the provision of her name to other entities

---

[6] In this way, the allegations of Plaintiff's Complaint are distinguishable from cases such as *Lukis*, 2020 WL 6287369, at *4. In *Lukis*, for example, the plaintiff's name and address were made available to others as "free previews" to "sell subscriptions to [defendant's] background reports." *Id*.; *see also Lukis*, 454 F. Supp. 3d at 760-61 (finding IRPA satisfied where "free previews" were used to "advertise [defendant's] monthly subscription services" generally).

pursuant to private contracts. Such allegations do not constitute "facts to plausibly infer that she was identified *to a reasonable audience* by the defendant's use of her name or likeness". *Dobrowolski*, 2017 WL 3720170, at *7 (emphasis added); *Pratt*, 442 F. App'x at 591 ("Appellant has failed to allege that appellees' use of Ms. Pratt's identity in connection with a private annuity contract was 'public' in the ordinary sense of the word, and therefore has not stated a plausible claim for relief under the IRPA"); *MetLife Inv'rs USA Ins. Co. v. Zeidman*, 734 F. Supp. 2d 304, 311-12 (E.D.N.Y. 2010), *aff'd sub nom. Pratt*, 442 F. App'x 589 (finding alleged use of name "in connection with the . . . sale of a product" insufficient "because there are no facts alleged showing that [defendants] made 'public' use of [the plaintiff's] identity."). Plaintiff cannot wedge traditional mailing list rental practices into the IRPA simply by tying the purported inclusion of her name as part of a list of *Good Housekeeping* subscribers to the *prior* sale of a product by Hearst to Plaintiff and claiming that it is therefore "in connection with its prior sales of a *Good Housekeeping* subscription to Plaintiff" (Compl. ¶ 56). Plaintiff's pleading acrobatics notwithstanding, her factual allegations on their face make plain that the mailing lists about which Plaintiff complains, like the annuity at issue in *MetLife*, are not a "public" use or holding out of her "identity", but rather, as alleged by Plaintiff, a private contractual use between Hearst and the renter of the mailing lists. For this additional reason, Plaintiff's allegations fail to state a claim and the Complaint should be dismissed.

## CONCLUSION

For the reasons set forth herein, Hearst respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice, and award Hearst attorney's fees and other costs of defense pursuant to 75 Ill. Comp. Stat. 1075/55.

Dated: September 24, 2021  By: /s/ Andrea R. Butler

    Jonathan R. Donnellan
    Andrea R. Butler
    Kristen L. Hauser
    *The Hearst Corporation*
    Office of General Counsel
    300 West 57th Street, 40th Floor
    New York, NY 10019
    Tel: (212) 649-2484
    Fax: (212) 554-7000
    abutler@hearst.com
    khauser@hearst.com

By: /s/ Harold C. Hirshman

    Harold C. Hirshman
    DENTONS US LLP
    233 South Wacker Drive, Suite 5900
    Chicago, IL 60606-6361
    Tel.: (312) 876-8025
    Email: Harold.hirshman@dentons.com

*Attorneys for Defendant Hearst Communications, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above document filed through the ECF system will be sent electronically to counsel of record on September 24, 2021.

/s/ Andrea R. Butler
Andrea R. Butler
